UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOROTHY DIER,
By her son and next friend, JERRY L. DIER

    Petitioner,

v.

PHYLLIS MADACHY, Director,
Office of Aging, Howard County, Maryland,
Et al.

    Respondents.

Civil Action No.07-106 (CKK)

Petition for a Writ of
Habeas Corpus for a
Person found Incapacitated

In State Custody

## PETITIONER'S RESPONSE TO SHOW CAUSE ORDER
## DATED JANUARY 19, 2007

On January 17, 2007, Petitioner Dorothy Dier, by her son and next friend, Jerry L. Dier, filed a Petition for a Writ of Habeas Corpus for a Person Found Incapacited in State Custody with this Court. As noted in the Show Cause Order, the Petitioner indicated that venue was proper in this Court because a "substantial part of the events giving rise to the claim occurred in the District of Columbia." The Court noted that "a district court has jurisdiction over a habeas petition 'only if it has jurisdiction' over petitioner's custodian," citing *Rooney v. Sec'y of the Army*, 405 F. 3d 1029, 1032 n,1 (D.C. Cir. 2005). Furthermore, this Court took note that the Petitioner Dier is currently located at Summit Park, in the State of Maryland, Baltimore County, under the custody of the State of Maryland Howard County Circuit Court, and its designated agent-Petitioner's Dier's court-appointed guardian-the Office of Aging, Howard County, Maryland.

The Petitioner, aware of the concerns of this Court in response respectfully

1

RECEIVED
JAN 3 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

believes that this Court has jurisdiction to enter the writ of habeas corpus sought in the instant petition grounded in the fundamental distinction that the instant action covers the depths of concerns and protections attendant to a guardianship matter, as contrasted to the case cited by this Court, *Rooney*, which reaches for its grounding support in traditional "core" habeas cases, wherein habeas relief is sought either in criminal or quasi criminal matters, tied to confinement as a factual governing element. More specifically, in the instant guardianship action where legal custody is the governing principle factually founded on nonphysical legal custody, without factual "present immediate physical custody"/"present immediate physical custodian," Thereby setting this action separate and apart from *Rooney*; and its governing reliance on *Rumsfeld*. Thus, this Court is free either to apply the traditional governing principles set forth in *Braden* such as sensible forum and useful purpose, while also citing traditional principles of venue; *see* Title 28 U.S. Code Sect. 1391(b)(2) as regards venue and the D.C. long arm statute as regards personal jurisdiction, leading to the conclusion as set forth in the Petition, that this Court has jurisdiction to issue the sought Writ.

**Traditional core habeas cases, immediate physicial custody and immediate physicial custodian, and place of confinement**

1- In *Braden v. 30th Judicial Circuit Court of Kentucky*, 93 S. Ct. 1123(1973), a detainer was lodged against the petitioner in a Kentucky court(future custody) while he was imprisoned in Alabama. The petitioner filed a federal habeas challenge to confinement that would be imposed in the future in Kentucky. The case was decided by the Supreme Court on the proposition that factual "future custody" was a workable exception to the traditional "core" habeas challenges concerning "present immediate physical custody," in deciding jurisdiction, in spite of the fact that the petitioner was not presently within the territorial limits of Kentucky court when he filed said habeas challenge. The Court crafted a practical exception to the traditional view concerning habeas cases, specifically adopting a noted degree of flexibility in the treatment of varying habeas petitions. More specifically, the Court adopted a bright line standard incorporating factors such as **sensible forum** and **useful purpose, at 1132,** in deciding jurisdiction, not factually bound to apply traditional "immediate physical custody" rules.

2- The Court in *Rumsfeld v. Padilla, 124 S. Ct. 271(2004)* discussed *Braden*, however, based its decision on the traditional approach, utilized in "core" habeas cases factually finding that the there was "present immediate physical custody" with an "immediate physical custodian in place," Whereby it was able to decide the case based on the age-old principle of "sue the jailer," holding that if the facts fit, namely, there is confinement, and the habeas challenge involves "present immediate physical custody," the district court has jurisdiction over a habeas petitioner, only if it has jurisdiction over the petitioner's custodian.

3- *Rumsfeld* was cited as the governing authority in *Rooney*, both cases dealing with situations concerning military related confinement, governed by the traditional habeas core proposition, "sue the jailer," the "present immediate physical custodian."

4- *Rumsfeld* and *Rooney*, traditional core habeas cases, have a common element, which was recognized in *Braden*, at 1129, and translated into the challenged "future custody" [the jailer in the future].

> The important fact to be observed in regard to the
> Mode of procedure upon this writ is, that it is
> Directed and served upon, not the person confined
> But his jailer--

Sue the jailer to release the prisoner. The jailer may have different titles but he or she is still the "jailer", whether they be warden of the facility or commandant of the brig, or otherwise. In the instant guardianship action where habeas relief is sought there is no jailer, now or in the contemplated future, and thus, the concept of "immediate physical custody" and the "immediate physical custodian" have no place in the world of guardianship actions The Court recognized in *Rumsfeld* the limited nature of its decision

> *Rather the cases Padilla cites stand for the simple*
> *Proposition that the immediate physical custodian*
> *Rules does not apply when a habeas petitioner challenges*
> *Something other then his immediate physical confinement at 2723.*
> *(emphasis added).*

The Court in *Rumsfeld* further stated at 2720, "But nothing in *Braden* supports departing from the immediate custodian rule in the traditional context of challenges to present physical confinement," which is plainly **not** factually present in the case at bar.

3

**Guardianship, as distinguished from present immediate physical custody and immediate physical custodian matters in traditional prisoner "core cases" when habeas relief is requested, relief from confinement**

5-In the instant habeas guardianship challenge, when traditional propositions such as "physical custody", "present immediate custody" and "present immediate custodian" are **not** at play; would the Director of Summit Park Nursing and Rehabilitation facility call herself a jailer? More specifically, Jerry L. Dier has visited his mother Dorothy Dier hundreds of times over the past year at Summit Park can say beyond question that there are no jailers at Summit Park, the residents are free to go out the facility and move about the areas surrounding the facility at all reasonable hours, when the residents need to go the hospital or a doctor's visits(with family, friends and/or relatives) no one accompanies them from Summit Park which is an un-gated and unguarded facility; and furthermore patients, when take to the local hospital for specific care concerns have no guards placed in or about their rooms. In sum, there is no "present physical confinement" and no jailer present, Thereby, his habeas guardianship challenge is materially and substantively distinguishable from *Rumsfeld* and different rules and standards apply, when factual "legal custody," not factual "present immediate physical custody" and a "present immediate physical custodian"is the guiding factor.

> Under *Braden[Rumsfeld* at 2720] then a habeas petitioner who challenges a form of "custody" other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged "custody."[in the instant action, the Howard County Circuit Court and its agent, the Director of Office of Aging exercise Legal control].

Mr. Chief Justice Rehnquist stated in delivering the opinion of the Court in *Rumsfeld*

> In *Braden* and *Strait*, the immediate custodian rule did not apply Because *there was no[such as in the instant case]* immediate physical custodian with respect To the custody being challenged. at 2720.

The position of the Chief Justice was made clear when he stated, at 2719, ". ...it is at bottom a simple challenge to physical custody imposed by the Executive-the traditional core of the Great Writ," and he further amplified

> In accord with the statutory language and *Wales* immediate Custodian rule, longstanding practice confirms that in habeas Challenges to present physical confinement, "core challenges," ---the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official, at 2713.

4

> *Braden* cited *Wales* favorably and reiterated the traditional rule
> That a prisoner[there is no prisoner in the guardianship action
> at bar] seeking release from confinement must sue the
> Jailer. at 2720.

> Thus, *Braden* does not derogate from the traditional district of
> Of confinement rule[THAT RULE IS STILL IN EFFECT, HOWEVER
> THERE IS NO FACTUAL PREDICATE FOR ITS APPLICATION
> IN THE GUARDIANSHIP CASE AT BAR] for core habeas
> petitions challenging present physical custody. at 2723.

6- The Petitioner submits that "custody" in guardianship actions and more specifically in this action is **void** of a "jailer," although factual "legal custody" does have some important attributes of control such as removing and/or taking away the myriad of freedoms of individual and personal choice, rights guaranteed and protected by the United States Constitution. Guardianship in the instant action was established through "legal custody," *absent* notions of "present immediate physical custody," and "present immediate physical custodian," and thus, *not* subject to the cited governing authority of *Rumsfeld*.

7-Mr. Justice Blackman, in his concurring opinion in *Braden* at 1133, felt the winds of change were in motion as regards an expansive reading of the Great Writ, seemingly to make it more readily adaptable to modern times

> I merely point out that we have come a long way **from**
> (emphasis added) the traditional notions of the Great Writ.

8- Mr. Justice Brennan, delivering the opinion of the Court in *Braden* at 1132 found that the traditional habeas "core case" challenge bright line standard of "immediate physical custody," was not an inflexible standard, in that the twin prongs of sensible *forum* at 1132 and *useful purpose*, at 1132, in determining jurisdictional issues, when the traditional standard was found inapplicable, such as in the guardianship case at bar.

> In view of these developments since *Ahrens v. Clark*,
> we can **no longer** view that decision as establishing
> an **inflexible jurisdictional rule**, (emphasis added)
> standard dictating the choice of an inconvenient
> forum even in a class of cases which could have
> been foreseen at the time of our decision.

Furthermore, in *Rumsfeld*, Justice Kennedy with Justice O'Connor concurring, in a 5-4 decision, spoke to the crux of the matter in the case at bar

> *Only in **an exceptional case** may a court deviate from those*
> *Basic rules to hear a habeas petition filed against some person*
> *Other than the immediate custodian of the prisoner, or some court*

5

> *Other than the one in whose territory the custodian may be found.*
>
> *The Court has made **exceptions in the cases of nonphysical custody.**
> [it is not in dispute that[nonphysical custody is the factual
> circumstance present in the instant guardianship action at bar].at 2728*
> (emphasis added).
>
> In my view, the question of the proper location for a habeas petition
> Is *best* understood as a question of personal jurisdiction or venue.
> This view is more in keeping with the opinion in *Braden,* and its
> discussion explaining the rules for proper forum for habeas petitions.
> At 2727.

9- It is clear from *Rumsfeld* that if there is not an identifiable physical custodian, you look to the legal custodian, which in this case is the State of Maryland, Howard County Circuit Court and its designated agent the Director, Office of Aging, Howard County. In order to determine if this Court has jurisdiction over these entities the Petitioner suggests having factually presented that there is *no* "immediate physical custodian" which is the founding factual underpinning in the *Rumsfeld* decision, which stands as the bedrock of *Rooney,* this Court must either look to the bright line standard set forth in *Braden-an examination of the attendant nexus defined in terms of sensible forum and useful purpose* amongst the State of Maryland, Howard County Circuit Court and its designated agent, Director, Office of Aging, Howard County and the District of Columbia as regards the guardianship of Dorothy Dier, or being cognizant of Mr. Justice Brennan's admonition in *Braden*, concerning his analysis of *Ahrens v. Clark*, at 1132, when applied to the facts in the instant case- is there an *apparent reason in the sense of traditional venue considerations* which would serve to bolster the District of Columbia as the proper jurisdiction to bring this action. The Petitioner respectfully suggests to this Court there is considerable, material and substantive reasons for granting this Court jurisdiction found in *traditional venue considerations when coupled with guiding personal jurisdiction law, D.C. long arm statute.*

**Factors pertinent to a *Braden* determination, sensible forum and useful purpose
As well as relevant to traditional factors of personal jurisdiction and venue**

a-Dorothy Dier was a patient at Sibley Hospital in the District of Columbia from September 7, 2005 through September 23, 2005. While a patient at Sibley, at the behest of the State of Maryland, Howard County Department of Social Services and/or State of Maryland, Howard County Office of Aging two Physician certificates as regards disability and/or competence of Dorothy Dier by two doctors, at least one of whom was Dorothy Dier's attending physician at Sibley, both taken without either notice and/or consent of the family of Dorothy Dier and both necessary and required by Maryland law in the filing of a petition for guardian of the person. The information put forth in said Physician certificates was based solely on examinations performed and evaluations rendered on observations and information gained at Sibley Hospital in the District of Columbia..

b-On September 28, 2006, the State of Maryland, Howard County Department of Social Services filed a petition for the appointment of a guardian of the person for Dorothy Dier, at a time when she no longer resided in Howard County. Said petitition nominated the State of Maryland, Howard County, Office of Aging as the guardian.

c-During the first court date, October 14, 2005, the State of Maryland, Howard County Circuit Court Judge Dennis M. Sweeney, named said Office of Aging, Ms. Ophelia Ross to act as his agent in accumulating information about Dorothy Dier and ordered that Jerry L. Dier give help when requested.

d- Dorothy Dier's care and treatment was micromanaged by the State of Maryland, Howard County, Office of Aging, Ms. Peggy Rightenhauer and Ms. Ophelia Ross while a patient at the Washington Hospital Center in the District of Columbia from on or about January 10, 2006 through February 1, 2006. This included but was not limited to the placement of a gastrointestinal tube, a G-tube for feeding, in Dorothy Dier's stomach on January 25, 2006, at a point in time when Dorothy Dier to the best of Jerry L. Dier's knowledge had passed all swallow tests at the Howard County General Hospital from December 23, 2005 through January 8, 2006, and pursuant thereto was on a mechanical diet; and in addition, while a patient at the Washington Hospital Center, on or about January 18, 2006, Dorothy Dier was given vanilla ice cream which she swallowed without difficulty by her attending physician after she had answered certain questions posed to her by said physician including her name. One of Dorothy Dier's main enjoyments in life for the last few years has been eating food and this was taken away from her. Dorothy Dier at the insistence of the representative of the Office of Aging working together with said attending physician, after only a few short days earlier Ms. Ross testified in Howard County Circuit, on or about January 4, 2006, that Dorothy Dier would be returning to an Assisted Living Facility as soon as her eating increased(as stated above she was on a mechanical diet)-this January 4, 2006, date was both a court date, a morning session and the day that the unconsented surgical debridement without either notice and/or consultation was performed at Howard County General in the mid to late afternoon..

e-On January 23, 2006, in the State of Maryland, Howard County Circuit Court, Judge Dennis M. Sweeney conducted an emergency guardianship hearing that went into the late evening and appointed the Director of Office of Aging, State of Maryland, Howard County as the temporary guardian of the person for Dorothy Dier. The inevitability, although ill founded, was for all practical purposes contemporaneous with the setting of a surgery date to place a G-tube in the stomach of Dorothy Dier. At said hearing, the main witness was the supervisor of the attending physician for Dorothy Dier at the Washington Hospital Center. Both the supervisor and attending physician had completed a second set of Physician certificates not allowed for under Maryland law, and furthermore, Jerry L. Dier at that time had filed a Motion for a Protective Order to preclude any further Mental Examinations of Dorothy Dier, which had not been ruled on by the court. Said completed Physician certificates, as were the Physician certificates completed at Sibley Hospital noted in subparagraph 9(a), were based solely on observations and information

gained while Dorothy Dier was a patient at the Washington Hospital Center, placing the diagnosis and prognosis rendered dependent on conduct taking place within the District of Columbia, while said conduct formed the basis for the matter going forward in Maryland. Also, said supervising physician testified in Howard County Circuit Court, in Ellicott City, Maryland, approximately one hour from the Washington Hospital Center and only a little further from the United States District Court in Washington, D.C. Furthermore, as already noted the testimony of the supervisory physician went into the evening hours.

f-Dorothy Dier was removed from the Washington Hospital Center and placed in Summit Park in Baltimore County, Maryland by way of the management effort of Ms. Ophelia Ross and Judge Sweeney, who emphatically stated at a hearing on September 22, 2006, that said move was pursuant to his "Court order."

g-At trial, on March 7, 2006, neither of the two Physician certificates completed at Sibley in Washington, D.C. were offered in evidence and in its place was the Physician certificate of the attending physician at the Washington Hospital Center who personally appeared to testify during the morning into the early afternoon at the Howard County Courthouse in Ellicott City, Maryland before Judge Dennis M. Sweeney. The testimony of said physician was in the main the whole of the Department of Social Services(the petitioner in the guardian of the person action), the petitioner having STIPULATED away any allegations and/or assertions in the petition other than the medical testimony and moreover, when raising the issue of allegations and/or assertions noted in the petition the trial court stated they had produced no testimony in support thereof, some seven months after the initial filing.

## CONCLUSION

Clearly, the District of Columbia is a sensible forum and it would certainly serve a *useful purpose*, to see that justice is done for this Court to grant the Petitioner habeas relief. In is undisputed that all potential material witnesses and/or documents are either within the District of Columbia or readily within commuting distance, one hour or less from the Court, and in fact, the case was dependent at trial on a medical doctor, Dorothy Dier's attending physician, who worked for Washington Hospital Center, in the District of Columbia as noted in detail in the Petitioner's Writ for Habeas Corpus as well as set forth above in paragraph 9(d) and (e). Moreover, this Court has had an opportunity to review the allegations and/or assertions contained in the petition for habeas relief, they

are in the main backed up by quoted statements from by the trial court, clearly indicating a degree of security that should not be present in a fair and impartial Court System. Furthermore, there is an undeniable public interest in that the trial court made pronouncements indicating that the way Dorothy Dier's case was handled such that her rights under the United States Constitution were deemed non-existent is the nature and fashion of the way the Court's in Howard County both work in utter disregard of the Rule of Law.

In addition with *Rumsfeld* having been clearly distinguished, the petitioner respectfully suggests that the traditional values of subject matter jurisdiction, venue the personal jurisdiction must play their appropriate roles as set forth in the attached pages, 18-22, from habeas petition, Appendix 1(it is requested that the whole of the petition be incorporated by reference in this response) in setting forth the principles that give this Court jurisdiction over the State of Maryland, Howard County Circuit Judge Dennis M. Sweeney and his designated agent State of Maryland, Howard County, Director of Office of Aging, Phyllis Madachy in Dorothy Dier's sought issuance of a habeas petition.

Moreover, addressing the twin questions posed by Mr. Chief Justice Rehnquist in *Rumsfeld*, at 2717, as applied to the instant matter,

1-who is the proper respondent?

there is no "immediate physical custody" and no "immediate physical custodian" in guardianship matters such as in the case at bar, however there is legal custody through the State of Maryland, Howard County Circuit Court, Judge Dennis M. Sweeney and his designated agent, the name guardian of the person for Dorothy Dier, the State of Maryland, Howard County, Director, Office of Aging, Phyllis Madachy, and not bound by the governing propostion in tradition habeas challenges, sue the jailer the questions becomes that as noted immediately below.

2-does the District Court in the District of Columbia have jurisdiction over the

9

respondents?

The answer as explained throughout this Response is in the affirmative, the grounding factor is that the Petitioner, the subject of a guardianship action is in **nonphysicial** custody such as to make applicable either the constitutional principles of sensible forum and useful purpose and/or those of personal jurisdiction and venue, as set forth herein.

*On Thursday afternoon, January 25, 2007, at approximately 12: 10 p.m. Jerry L. Dier, the son of Dorothy Dier paid a second visit to his mother. He found his mother's neck extended downward, her face turned into a pillow and her head resting on a bed railing and a wire from a television station changing device placed under her nose. In addition, her left leg and foot were locked under her body, not visible, and her right leg and foot immediately adjacent thereto; both legs and feet positioned so as to parallel to a pillow if placed under one's head. The unit manager, Lottie Dorsey came in to check on the patient next to DOROTHY DIER; she then looked at Dorothy Dier and said and did nothing in spite of the fact that Dorothy Dier's contorted positioning was most obvious. Ms. Dorsey had walked out of the room, when the duty nurse who had been requested a few minutes earlier by Jerry L. Dier to reposition his mother came into the room, and it was only at this time that Ms. Dorsey standing in the doorway took notice. As is readily apparent, my mother DOROTHY DIER, totally innocent has been victimized by the State of Maryland Court System, its designated agent and Summit Park. If the legacy of a society is to be judged as to how it treats and cares for its weakest members, then justice demands immediate corrective action, nothing less will do.*

### PRAYER FOR RELIEF

Wherefore, Petitioner, DOROTHY DIER, by and through her son and next friend, Jerry L. Dier, requests relief as follows:

**1-SCHEDULE an immediate hearing, requiring the respondents show cause why their actions are not in violation of Petitioner's rights under the Sixth, EIghten and Fourteenth Amendments to the United States Constitution and in depriving of the rights of DOROTHY DIER as set forth in Title 42 U.S.C. Sect. 1483, under the color of state law.**

**2-Enter an order issuing said requested writ of habeas corpus.**

**3-Release DOROTHY DIER from Maryland State nonphysical "legal custody."**

**4-Grant such other and further relief that this Court deems just and equitable.**

**5-That this Court retain jurisdiction of this matter for the purpose of enforcing this Court's order.**

Dated: January 29, 2007

                                                Respectfully submitted,

                                              _____
                                              Jerry L. Diez/Pro se
                                              11448 Rowley Rd.
                                              Clarksville, MD 21029
                                              Son and next best friend
                                              (202)276-8716

                                          Verification

I declare under penalty of perjury under the laws of the United States of American that the foregoing is true and correct. Executed on January 29, 2007.

                                              _____

# APPENDIX

DIER to her detriment with impunity.

It surely cannot be argued that an alleged disabled person deserves fewer procedural and substantive safeguards than an accused criminal in proceedings seeking to cause a deprivation of life, liberty and property. The Court of Special Appeals for Maryland in In Re Sonny E. Lee, 754 A.2d 426, 438 and 439 (Md. App. 2000) in discussing the role of counsel and his duty to protect his client's interests held,

> Due process demands nothing less, particularly as here, when the alleged Disabled person faces significant and usually permanent loss of his basic Rights and liberties. See *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976) (stating that the "[t]he right to be heard heard before being condemned to suffer grievous loss of any kind even though it may not involve the stigma and hardship of a criminal conviction is a principle basic to our society") (quoting *Joint Anti-Fascist Comm. v. Mc Grath*, 341 U.S. 123, 168, 71 S. Ct. 624, 646 95 L. Ed 817 (1951) (Frankfurter, J. concurring); see also *Lassiter v. Department of Soc. Servs. of Durham County, N.C.* 452 U.S. 18, 26-27, 101 S. Ct. 2153, 68 L. Ed 2d 640 (1981), *reh'g denied*, 453 U.S. 927, 102 S. Ct. 889, 69 L. Ed.1023 (1981). In a guardianship proceeding effective representation by counsel insures that the proper procedures are followed by the court. ...

In the case at bar, the trial court and court appointed counsel acted as "one" with the trial court driving the train with no one but Interested Person Jerry L. Dier, the son of DOROTHY DIER to attempt to protect and safeguard his mother's guaranteed rights under the United States Constitution, with the trial court and court appointed counsel thwarting the due and just exercise of those rights at every step, placing DOROTHY DIER'S right to a Jury trial, U.S. Constitution Amend. VI, beyond her reach, so as to make certain that their voice would be the only one heard.

## JURISDICTION AND VENUE
**Jurisdiction**

**10-This action** arises under the United States Constitution, particularly the on the Sixth, Eighth and Fourteenth Amendments, Article I, Sect. 9, Habeas Corpus, and under Federal law, specifically, Title 28 U.S.C. Sect. 2254 and 2255 and Title 42 U.S.C. Sect. 1983. This court has jurisdiction over PLAINTIFF'S claims relating to the State of Maryland, Howard County Circuit Court, Judge Dennis M. Sweeney's conduct holding DOROTHY DIER disabled, and appointing as guardian of the person, State of Maryland, Office of Aging, Howard County relating to PLAINTIFF'S' civil claims arising under the United States Constitution and federal law pursuant to 28 U.S.C. 1331, 28 U.S.C. 2254 and 2255, and 42 U.S.C. 1983. Each and all of the acts alleged herein were done by the Defendants under the color and pretense of state law, statutes, ordinances, regulations, or customs.

**Venue**

11- Venue is proper under 28 U.S.C. Sect. 1391(b)(2), the operative language reads in pertinent part,

> if the United States District Court for the District of Columbia is the judicial district in which a substantial part of the events giving rise to the claim occurred.

In the case at bar, the matter was commenced by the petitioners, State of Maryland, Howard County Department of Social Services( hereafter, referred to in the main as the "Department"), at a time when DOROTHY DIER, September 2005, was in the District of Columbia to receive medical treatment. To meet Maryland law, apparently at the request of the Department, the two so called physician certificates as regards disability were completed grounded solely on medical examinations taking place completed in Washington, D.C. at a time when DOROTHY DIER hospitalized in the District of Columbia, September 7, 2005 through September 23, 2005, and said certificates were later filed accompanying the petition for guardian of the person in the State of Maryland, Howard County on September 28, 2005. Neither said filed physician certificate was referred by the Department in the guardian of the person proceedings and in mid to late January 2006, the Department filed two additional physician certificates gathered in spite

of the fact that Interested Person Jerry L. Dier had filed, December 30, 2005, a Motion for a Protective Order, as regards mental examinations of his mother, not ruled upon during the time period when said two additional physician certificates were gained as regards disability of DOROTHY DIER, again grounded on medical examinations taking place solely in Washington, D.C. while DOROTHY DIER was receiving medical treatment(Washington Hospital Center) from January 8, 2006 to February 1, 2006. The four physician certificates and the physician who authored one of the certificates who testified at trial were **ALL** based on **observations** when DOROTHY DIER was **in the District of Columbia**. Moreover, DOROTHY DIER only left the District of Columbia pursuant to actions pursuant to Court Order by Judge Sweeney) and managed by the State of Maryland, Office of Aging, Howard County, a move not made known to the family of DOROTHY DIER until it was in progress.

As set forth in above paragraph 2(e) both issues of allegations contained within the filed petition for guardian of person and physician certificates required to be attached to said petition were **Abandoned** by the petitioner, leaving the trial court to decide the question of disability on a further filed physician certificate and the testimony of its author which was grounded **soley** on said physicians evalutation of DOROTHY DIER as a patient at the Washington Hospital Center in Washington, D.C. for approximately three weeks during January 2006. Therefore, this Court has jurisdiction, a substantial part of the events grounding the claims set forth arose as a result of **conduct** taking place **in the District of Columbia**.

The State of Maryland(Maryland Rule 10-201 and 10-202) required physician certificates were completed by 1- physicians located in the District of Columbia, 2-examining

20

DOROTHY DIER in the District of Columbia and 3-the only contact they had with the State of Maryland were that their certificates were filed in a Maryland action and 4-one of the physicians who authored a certificate testified at trial outside the District of Columbia, in the State of Maryland, to what he observed and noted as regards DOROTHY DIER at a time when she was in the District of Columbia under his care, while he was associated with the District of Columbia medical facility, Washington Hospital Center where DOROTHY DIER was a patient.

And 5- DOROTHY DIER was removed from the Washington Hospital Center against the wishes of her son, to a facility, Summit Park in Baltimore County by the Office of Aging, Howard County, by authority of the State of Maryland Howard County Circuit Court. Not within the jurisdiction of either said Court or the Office of Aging, Howard County.

Personal Jurisdiction

As regards the issue of personal jurisdiction over the State of Maryland, Howard County Circuit Court and the Office of Aging, State of Maryland, Howard County, the D.C. long-arm statute provides that courts in the District of Columbia may assert personal jurisdiction over any person who acts directly or by agent, as to a claim for relief arising from the person's " transacting any business in the District of Columbia' or "causing tortuous injury in the District of Columbia." D.C. Code Ann. 13-423(a)(1), (3), (4). In the case at bar, amongst other matters, either Judge Dennis M. Sweeney, State of Maryland, Howard County Circuit Court or through its agent, Office of Aging, State of Maryland, Howard County named temporary guardian by order of the court on January 23, 2006, **secured** physician certificates from medical personnel at the Washington Hospital Center while DOROTHY DIER was a patient at the Washington Hospital Center in the District

21

of Columbia, **secured** medical testimony from medical personnel at the Washington Hospital Center to be used in the guardian of the person action while DOROTHY DIER was a patient at the Washington Hospital Center in the District of Columbia, **guided** the care and treatment of DOROTHY DIER, including the placement of a feeding tube, while she was a patient in the Washington Hospital Center in the District of Columbia and **ordered** that DOROTHY DIER be removed from the Washington Hospital Center to Summit Park, Baltimore County, Maryland

(MR. DIER: ....The individual—individuals that placed my mother in this facility are Miss Ross and the Department of Aging, And—

THE COURT: Under this Court Order, September 22, 2006, trial).

The cause of action as presented to Judge Dennis M. Sweeney at trial on March 7, 2006, stripped of its Abandoned allegations was grounded on medical evaluations of DOROTHY DIER rendered when DOROTHY DIER was in the District of Columbia, the hospital was in the District of Columbia, and the medical doctors were located in the District of Columbia-the **situs** of material and substantial activity which was the basis for the cause of action going forward according to the Maryland Court's rulings was undeniably in the District of Columbia, Thereby founding any and all physician diagnosis and prognosis attendant to DOROTHY DIER on her presence in the District of Columbia. Therefore, this judicial district, the District of Columbia, is the place where a material and substantial part of the events giving rise to the claim filed in Maryland occurred.

## THE PARTIES

22

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DOROTHY DIER,
By her son and next friend, JERRY L. DIER,

      Petititoner,

v.

PHYLLIS MADACHY, Director,
Office of Aging, Howard County, Maryland
et al.

      Respondents

Civil Action No. 07-106(CKK)

Petition for a Writ of
Habeas Corpus for a
Person found Incapacitated

In State Custody

## ORDER

In consideration of the premises, this Court's Order to Show Cause, and the Response of the Petitioner thereto, it is this _____, day of _____, 2007, by the United States District Court for the District of Columbia,

ORDERED, that the Show Cause Order by this Court on January 19, 2007, to the Petitioner is hereby set aside and jurisdiction is granted consistent with the reasons set forth in Petitioner's Response to said Order to Show Cause pending a response from the respondents in this action, and it is further

ORDERED, that the named respondents, Phyllis Madachy, Director, Office of Aging, State of Maryland, Howard County and State of Maryland, Howard County Circuit Judge Dennis M. Sweeney shall be served by the clerk of the Court with an Order to Show as to why the Writ for Habeas Corpus sought in the Petition should not be granted:said respondents shall respond within _____ days from the date of service, and it is further

ORDERED, pending a Response from said Respondents that DOROTHY DIER be released from the "legal custody" of the State of Maryland, Howard County Circuit Court Judge Dennis M. Sweeney and his designated agent, court appointed guardian, Phyllis Madachy, Director, Office of Aging, State of Maryland, Howard County as set forth in State of Maryland, Howard County Circuit Court, Case No. 13—C-05-63324. .

                                                        JUDGE, UNITED STATES DISTRICT COURT
                                                        FOR THE DISTRICT OF COLUMBIA