UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOROTHY DIER,<br>by her son and next friend JERRY L. DIER,<br><br>    Petitioner,<br><br>    v.<br><br>PHYLLIS MADACHY, Director,<br>Office of Aging, Howard County, Maryland,<br>*et al.*<br><br>    Respondents. | Civil Action No.07-106 (CKK) |

**MEMORANDUM OPINION**
(February 6, 2007)

On January 17, 2007, Petitioner Dorothy Dier, by her son and next friend, Jerry L. Dier, filed a Petition for a Writ of Habeas Corpus for a Person Found Incapacitated in State Custody with this Court.[1] On January 19, 2007, the Court issued a Show Cause Order, in which it noted that "a district court has jurisdiction over a habeas petition 'only if it has jurisdiction' over" a petitioner's custodian." *Rooney v. Sec'y of the Army*, 405 F.3d 1029, 1032 n.1 (D.C. Cir. 2005). As the Petition indicates that Petitioner Dier is currently located at Summit Park, in the State of Maryland, Baltimore County, under the custody and control of the State of Maryland, Howard County Circuit Court, and its designated agent – Petitioner Dier's court-appointed guardian – the Office of Aging, Howard County, Maryland, the Court ordered Petitioner Dier to show cause as

---

[1] Although the Petition asserts that it is brought pursuant to 28 U.S.C. §§ 2254-2255 and 28 U.S.C. § 1331, as it seeks "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court," it is properly brought pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2254.

to why she believes this Court has jurisdiction to enter the writ of habeas corpus sought. Petitioner responded to the Court's Show Cause Order on January 30, 2007. Upon review of Petitioner's Response, the Petition for a Writ of Habeas Corpus, and the relevant statutes and case law, the Court concludes that it lacks jurisdiction to entertain Petitioner Dier's Petition. As such, the Court shall order Petitioner, on or before February 20, 2007, to provide the Court with notice of her desire to transfer the instant Petition to the United States District Court for the District of Maryland. If Petitioner fails to provide such notice, on February 20, 2007, the Court shall dismiss the instant Petition for lack of jurisdiction.

### I:  BACKGROUND

The Court notes that the Petition does not clearly indicate where Petitioner resided prior to receiving medical treatment in Washington, D.C.; however, the Petition does indicate that Petitioner's son and next friend is a resident of Maryland and that Respondents – the Office of Aging, Howard County, Maryland (hereinafter the "Office of Aging"), and Judge Dennis M. Sweeney, a Circuit Court Judge of Howard County, Maryland – are both located in the State of Maryland. *See* Petition at 23, 48. Furthermore, a reading of the Petition and Petitioner's Response to the Court's Show Cause Order indicates that from September 7, 2005 through September 23, 2005, Petitioner Dier was hospitalized in the District of Columbia and that, during this period, at the behest of an agency of the State of Maryland, two of Petitioner's physicians completed certificates regarding Petitioner's disability and/or competence. Pet.'s Resp. at 6. On September 28, 2005, the Howard County Maryland Department of Social Services filed a petition for the appointment of a guardian for Petitioner Dier and, at a court hearing on October 14, 2005 in Howard County, Maryland, Judge Sweeney appointed the Office of Aging as an agent to assist in accumulating information about Petitioner Dier. *Id.* at 7.

It appears that Petitioner Dier was again hospitalized in the District of Columbia from approximately January 10, 2006 to February 1, 2006, during which time her care and treatment were overseen by the Office of Aging. *Id.* Thereafter, on January 23, 2006, Judge Sweeney conducted an emergency guardianship hearing in Howard County, Maryland, at which Petitioner's attending physicians from the Washington Hospital Center testified, and Judge Sweeney appointed the Office of Aging as Petitioner Dier's temporary guardian. *Id.* at 7-8. Finally, Petitioner Dier was removed from Washington Hospital Center and placed at Summit Park, a facility in Baltimore County, Maryland, where she remains today. *Id.* at 7-8. Based on these facts, the Court notes that it appears that the only nexus between this matter and the District of Columbia is that Petitioner happens to have been hospitalized in the District of Columbia and that physicians who treated Petitioner in the District of Columbia have completed certificates and testified in this matter.

## II: DISCUSSION

"When it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, it shall dismiss the action." Fed. R. Civ. P. 12(h)(3). Thus, "[i]f a court determines that it lacks subject matter jurisdiction, it therefore is duty bound to dismiss the case on its own motion." *Hawk v. Olson*, 326 U.S. 271, 272. 66 S. Ct. 116, 90 L. Ed. 61 (1945). As an initial matter, the Court notes that much of the Petition is devoted to detailing the treatment Petitioner is currently receiving at Summit Park, in Baltimore County, Maryland. As a result, insofar as Petitioner challenges her physical placement at Summit Park, the proper respondent appears to be the person in charge of the Summit Park facility, an individual clearly outside the habeas jurisdiction of this Court. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004) ("We have never intimated that a habeas petitioner could name

someone other than his immediate physical custodian as respondent simply because the challenged physical custody does not arise out of a criminal conviction.").

However, in her January 30, 2007 Response to the Court's Show Cause Order, Petitioner asserts that "in the instant habeas guardianship challenge . . . traditional propositions such as 'physical custody' . . . are **not** at play." Pet.'s Resp. at 4. Instead, Plaintiff asserts, "legal custody is the governing principle," and the Court is free to apply the "traditional governing principles set forth in [*Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973)] such as sensible forum and useful purpose [as well as] traditional principles of venue." *Id.* at 2. A close reading of the Petition reveals that it does not, in fact, seek Petitioner's release from Summit Park, but rather seeks her release "from state custody." Petition at 47. The Court therefore agrees with Petitioner that under *Braden*, "a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Id.* at 438. Nevertheless, the instant Petition indicates that Petitioner is currently under the custody and control of the State of Maryland, Howard County Circuit Court, and its designated agent – Petitioner Dier's court-appointed guardian – the Office of Aging. Petition at 2. As such, even if the Court accepts Petitioner's assertion that "legal custody is the governing principle," Pet.'s Resp. at 2, it appears that Petitioner's legal custodians are outside the habeas jurisdiction of this Court.

Moreover, insofar as Petitioner Dier asserts that her Petition concerns legal custody and that, as a result, *Braden* dictates that the Court consider "traditional governing principles . . . such as sensible forum and useful purpose [as well as] traditional principles of venue," *id.*, such principles do not suggest that the instant Petition is properly considered by this Court. The

Petition asserts that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), which provides that a civil action wherein jurisdiction is not founded on diversity, may be brought in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2). However, as discussed above, Petitioner is currently located in Maryland, as are her son and next friend and both Respondents, Petitioner was placed at Summit Park as the result of guardianship proceedings commenced by agencies of the State of Maryland, and all of the relevant court proceedings occurred in Maryland. Indeed, the only nexus between this action and the District of Columbia appears to be that Petitioner happened to be hospitalized in the District of Columbia prior to being removed to Summit Park. As such, even based on traditional principles of venue, the Court must conclude that the District of Columbia is an inappropriate forum for the instant Petition.

### III:  CONCLUSION

For the reasons set forth above, the Court concludes that it lacks jurisdiction to entertain Petitioner Dier's Petition for a Writ of Habeas Corpus. However, as it appears that habeas jurisdiction might be proper in the District of Maryland, the Court shall order Petitioner, on or before February 20, 2007, to provide the Court with notice if she desires the Court to transfer her Petition to the United States District Court for the District of Maryland. If Petitioner fails to provide such notice, on February 20, 2007, the Court shall dismiss the instant Petition for lack of jurisdiction. An appropriate Order accompanies this Memorandum Opinion.

Date: February 6, 2007

                                                                              /s/  
                                                          COLLEEN KOLLAR-KOTELLY  
                                                          United States District Judge