UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DOROTHY DIER,
By her son and next friend JERRY L. DIER

    Petitioner,

v.

PHYLLIS MADACHY, Director,
Office of Aging, Howard County, Maryland et al.

    Respondents.

Petition for a Writ of Habeas Corpus
For a Person Found Incapacitated

In State Custody

Civil Action No. 07-106(CKK)

**PETITIONER'S REQUEST FOR RECONSIDERATION IN LIGHT OF COURT'S MEMORANDUM OPINION DATED FEBRUARY 6, 2007 IN RESPONSE TO PETITIONER'S RESPONSE DATED JANUARY 30, 2007, TO THE COURT'S SHOW CAUSE ORDER DATED JANUARY 19, 2007**

    The Petitioner respectfully requests that this Honorable Court reconsider her prayer for relief, to wit, the issuance of a writ of habeas corpus, releasing her from the "legal custody" of the State of Maryland, exercised through the State of Maryland, Howard County Circuit Court and its designated agent, State of Maryland, Howard County, Office of Aging. The Petitioner submits that jurisdiction is acquired through applicable traditional jurisdiction and venue considerations framed in the knowledge that the State of Maryland, Howard County Circuit Court by and through its designated agent, State of Maryland, Howard County, Office of Aging micromanaged the care, treatment and movement of the Petitioner at the Washington Hospital Center in the District of Columbia, especially *observations, giving rise to diagnosis and prognosis*, so as to gain *necessary* information and documentation as regards "mental disease or disability" required by Maryland Law in order to proceed with their guardianship claim in Maryland, *without* which the case could not go to trial.

RECEIVED
FEB 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

It appears from the following statement in this Court's Memorandum Opinion dated February 6, 2007, "Indeed, the only nexus between this action and the District of Columbia appears to be that the Petitioner happened to be hospitalized in the District of Columbia prior to being removed to Summit Park," that the primary concern of this Court are venue and personal jurisdiction considerations attendant to habeas issues in other than traditional habeas core cases, such as the guardianship case at bar(see *Braden*) which are guided by principles set forth in Title 28 U.S.Code 1391(b)(2) and the D.C. long arm statute D.C. Ann. Code 13-423(a)(1),(3) and (4). In all due respect, the Petitioner was much more than just "happened to be hospitalized in the District of Columbia," in that the *events t*hat transpired in the District of Columbia, namely the Observations and resultant Diagnosis and Prognois were the *stuff* that provided the *necessary* support that allowed the guardianship *claim to go to trial in Maryland on March 7, 2006,* in the State of Maryland, Howard County Circuit Court- these were the *events tied to the District of Columbia* that are set forth in paragraph 11 and the **Conclusion**, without which there would have been *no* claim to go forward in Maryland on March 7, 2006, and thus no legal custody from which the Petitioner presently seeks release therefrom.

**HISTORY**

More specifically, this Court in response to the Petitioner's Request for a Writ of Habeas Corpus dated January 17, 2007, issued an Order to Show Cause on January 19, 2007, as to whether or not this Court had jurisdiction to entertain the requested relief. Petitioner

2

filed a response on January 30, 2007, and now respectfully requests that this Court reconsider its finding in its Memorandum Opinion dated February 6, 2007, that this Court lacked jurisdiction to entertain the habeas relief requested by the Petitioner. In support of the present Prayer for Reconsideration the Petitoner states the following:

**BACKGROUND**

1-The Petition for the issuance of a writ of habeas corpus is grounded on Title 28 U.S.Code Sections 1331, and 2254 wherein the Petitioner asserts that she has been deprived of her right to effective assistance of counsel, a jury trial, her right to be present and a fair and impartial trial by the State of Maryland, Howard County Circuit Court in violation of her rights guaranteed under the United States Constitution, namely the Sixth and Fourteenth Amendments as well as by statute, Title 42 U.S.C 1983, and respectfully requests that this Honorable Court release her from the "legal custody" illegally imposed under color and pretense of state law in the Mayland State guardian of the person action.

**Ineffective Assistance of Counsel**

**2-Court Appointed Counsel WITHOUT CONSULTATION made representations under his signature in his answer to petition that the Petitioner "waived" her rights protected by the United States Constitution to jury trial and to be present. Furthermore, court appointed counsel affirmatively stated WITHOUT CONSULTATION THAT PETITIONER WANTED A GUARDIAN APPOINTED.** Court appointed counsel acknowledged said conduct in open court at the initial hearing on October 14, 2005.

3

3-Court appointed counsel was admonished by the trial court during a status hearing on October 25, 2005, "**Are you awake**."

4-Court appointed counsel was further admonished on March 7, 2006, after an extended period of silence, " **Are you allright**."

5-Court appointed counsel during a status hearing on February 2, 2006, when issues of the Petitioner's health, safety and well-being were being discussed, he requested and was granted permission by the trial court to leave during the hearing to attend a meeting, "**Can I leave by the back door**." The Court responded in the affirmative, "**Sure**" and further stated that the hearing would continue in court appointed counsel's absence. Moreover, the Petitioner was neither present nor was any reference made by court appointed counsel or the court as to why she was not present.

**FOR THE MOST PART COURT APPOINTED COUNSEL REMAINED SILENT DURING THE PROCEEDINGS, EXCEPT TO ACT AS AN AGENT OF THE COURT.**

**Lack of Impartiality and Fairness by the Trial Court**

6-The trial court initially stated that it had prior knowledge(believed he had been inside said facility) as regards Summit Park, whose suitability as a placement for the Petitioner was in dispute, prior to the Petitioner's placement in conflict with the Maryland Rules of Judicial Conduct.. Later statements by the trial court were in apparent contradiction to its initial statement.

7-In a subsequent guardian of the property action the same trial court appointed the same court appointed counsel to represent the Petitioner and in response to a recusal request the trial court cited court appointed conduct as exemplary in spite of overwhelming evidence

drawn from court appointed counsel's own conduct.

8-The trial court statements during the February 2, 2006, status hearing made it crystal clear that it viewed itself as having "inherent powers" giving it unbridled authority in guardianship actions. Moreover, the trial court announced its decision that the Petitioner was in need of a guardian weeks before the trial by the court which it had made possible by casting aside both Maryland law and U.S. Constitutional requirements as regards the "waiver" of rights, to wit, a jury trial, granted by the Constitution, making the actual trial a mere rubber stamp of a pre-ordained verdict.

**THE COMBINED IMPACT OF THESE TWO STATEMENTS SHOW AN UTTER AND COMPLETE DISREGARD FOR THE RULE OF LAW AND WHEN TAKEN TOGETHER WITH THE CONDUCT OF COURT APPOINTED COUNSEL CAN LEAD TO NO OTHER REASONABLE CONCLUSION OTHER THAN THE TRIAL COURT AND COURT APPOINTED COUNSEL WERE ACTING IN CONCERT TO THE DETRIMENT OF THE PETITIONER**

**LEGAL CUSTODY**

9-Pursuant to the Court's inquiry regarding the applicability of *Rooney*, the Petitioner cited *Braden*, distinguishing the instant matter, concerning guardian of the person from traditional habeas core cases. In plain terms, the Petitoner is seeking relief from "legal custody," rather than confinement, and by law is not bound by the strict rules governing traditional habeas core cases, and Thereby is not tied to the age-old principle in traditional cases of "sue the jailer" – as set forth in *Braden* traditional principles of sensible forum, useful purpose and venue are now applicable.

10-The thrust of Petitioner's presentation is her Petition is that "legal custody" is the

governing principle, and Thereby the State of Maryland, Howard County Circuit Court and its designated agent, the State of Maryland, Howard County, Office of Aging are the appropriate respondents, and said Petitioner requests release from said "legal custody."

**VENUE**

Title 28 U.S.Code 1391(b)(2)

Operative language-"*a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred*"

11-The claim tried in the Maryland court on March 7, 2006, was grounded on the testimony of **a physician at the Washington Hospital Center and *but for* the testimony of that physician there would have been no claim to be presented to the trial court. Therefore, *but for* testimony and a physician certificate coupled thereto, both required by law, bound to Observations made in the District of Columbia, leading to both a Diagnosis and Prognosis made while Petitioner was in the District of Columbia, there would be *no claim* to be tried in the Maryland court. The Maryland court in its ruling recognized the dependency of the guardianship on medical testimony, stating, ". ..And it must be *because* of a mental disability or disease. ...,"  therefore, it can reasonably be accepted that the Maryland court served for the most part as an empty vessel, available to hold purported relevant information from *events* gained from Petitioner in the District of Columbia.**

CONCLUSION  The appropriate respondents are the State of Maryland, Howard County Circuit Court, Judge Dennis M. Sweeney and his designated agent, State of Maryland, Howard County, Office of Aging, Director, Phyllis Madachy. The Court through its designated agent were the prime movers in the Petitioners care while in the District of Columbia at the Washington Hospital Center. Furthermore, while the Petitioner was at the Washington Hospital Center, the designated agent agent of the Court requested physician certificates which by Maryland Rule 10-201 and 202 *were required* in the presentation of a petition for guardianship of the person claim. It must be remembered that the Office of Aging had failed to gain a physician certificate while the Petitioner was at Howard County General when a vigilant nurse would not let the Office of Aging representative asked Ms. Ross for her authority and Ms. Ross said she had a court order(which was a false assertion), but when further questioned said she did not have it with her.  The the testimony of the Washington Hospital Center physician at trial was based on his Observations, Diagnosis and Prognosis while the Petitioner was a patient at the Washington Hospital, Center, from January 9, 2006 through February 1, 2006. Therefore the cause of action as presented to the State of Maryland, Howard County Circuit Court for trial on March 7, 2006, was dependent on those *OBSERVATIONS* on a *continuing*  basis  leading to a Diagnosis and Prognosis as regards the Petitioner, each an *EVENT* taking
place in the District of Columbia, resting on activity taking place and evaluated in the District of Columbia by a physician attached to a hospital in the District of

7

**Columbia, at a point in time when the Petitioner was a patient in the District of Columbia GIVING *RISE* TO and supplying the foundation for THE *CLAIM TRIED IN MARYLAND*.**

> The State of Maryland, Howard County Circuit Court stated in its
> Ruling on March 7, 2006, that the petitioner in a guardian of the
> Person action had to provide clear and convincing evidence of the
> Persons "mental disability or disease" which tracks the
> Statutory language in Estates and Trusts, Md. Ann. Code
> 13-705(d) Grounds, which is further reiterated in the trial
> court's order on March 7, 2006, appointing a guardian of the
> person for the Petitioner in the instant action, Thereby inescapably
> demonstrating the dependency of the Maryland action on
> the described events within the District of Columbia

Therefore, in response to this Court's inquiry, why the District of Columbia, the answer is *but for* what happened, the *events*, in the District of Columbia, the Petitioner's presence in the District of Columbia, the Petitioner being in a District of Columbia medical facility, an attending physician for the Petitioner being present in a District of Columbia medical facility, said attending physician acting under the direction of the State of Maryland, Howard County Office of Aging, the designated agent for the State of Maryland, Howard County Circuit Court, in said District of Columbia medical facility making Observations resulting in a Diagnosis and Prognosis directed to trial considerations in the Maryland guardianship action, there would be no legally recognizable *claim for a a guardian of the person, and thus no trial in Maryland on March 7, 2006-theevents which gave rise to the claim took place* from January 9, 2006 through February 1, 2006, within the District of Columbia.

In all due respect, the only *nexus* of relevant testimony presented at trial to support a *claim* for a need of a guardian of person were the *events* which gave rise to said *claim*- what took place in the District of Columbia- Maryland serving as a vessel to store and analyze said *events* that took place in the District of Columbia, Whereby it is self-evident that the *events* giving *rise* to the *claim* most clearly have their *nexus in the events* that took place in the District of Columbia. Jerry L. Dier was with his mother from six to ten hours each and every day and personally witnessed at least one examination by a medical doctor, mainly the attending physician, daily from Monday through Friday. Literally there were dozens of *events* where Observation and treatment occurred in the District of Columbia leading to the testimony and documentation brought forth in the Maryland court as regards Diagnosis and Prognosis, *without which there would have been no evidence pertaining to regards mental disability or* disease as **required** by Maryland law for the matter to go forward. In addition, the State of Maryland trial court when challenged by at that point in time Interested Person Jerry L. Dier, as regards the *jurisdiction* of the State of Maryland, Howard County Circuit Court to hear the guardian of person action, the trial court stated,

> Even assuming the statutory jurisdiction was not able to be sustained, the Court believes it's inherent power as guardian of persons with disabilities would fill in any gap in that determination. *Petition, p. 6.*

Therefore, any weight that might naturally attend to the fact that the matter was tried in Maryland is null and void. Moreover, as a matter of substance, the trial court announced its decision to appoint a guardian in the case to be tried before the very same court, five weeks before trial, after having improperly embraced court appointed counsel's announced waiver, both in open court and under his signature in a pleading of Dorothy Dier's right to jury trial based upon affirmative representations concerning Dorothy Dier's wishes done WITHOUT CONSULTATION, and in Dorothy Dier's absence.. *Petition, p. 6.*

Subject matter jurisdiction has been clearly established by the existence of the federal question(s) presented, and venue and personal jurisdiction considerations have been addressed by the guiding principles set out in Title 28 U.S. Code Sect. 1391(b)(2) and the D.C. long arm statute, D.C. Code Ann. 13-423(a)(1)(3)(4). The State of Maryland, Howard County Circuit Court and its designated agent acting, State of Maryland, Howard County, Office of Aging acted upon Dorothy Dier while in the District of Columbia to her detriment, it is respectfully submitted that it is incumbent upon this Court to find that it has jurisdiction in this matter where both the demands of the law and the interest of justice and fair play are one in the same.

Today, on Dorothy Dier's 90th birthday, February 16, 2007, Mrs. Dier by and and through her son prays that this Court will act wisely, consistent with the law, and grant jurisdiction in this legal action, so as to release Dorothy Dier who finds herself innocently bound up in a court system that has acted both contrary to the Rule of Law and the dignity of human kind.

**PRAYER FOR RELIEF**

WHEREFORE, the Petitioner, Dorothy Dier, by and through her son and next friend Jerry L. Dier, respectfully requests that this Honorable Court reconsider its finding in its Memorandum Opinion dated February 6, 2007, for the reasons stated herein, as well as any further reasons that might be stated at a hearing on this request, and pursuant thereto prays for relief as follows:.

1. Schedule an immediate hearing on the question of issuing a writ of habeas corpus.
2. Enter an order issuing said writ of habeas corpus.
3. Release Dorothy Dier from Maryland State "legal custody," Setting aside the March 7, 2006, State of Maryland, Howard County Circuit Court order appointing a guardian of person for Petitioner.
4. Grant such other and further relief as this Court shall deem just and equitable.
5. That this Court retain jurisdiction of this matter for the purpose Of enforcing this Court's order.

Dated: February 16, 2007

Respectfully submitted,

_____
Jerry L. Dier, Pro se
11448 Rowley Rd.
Clarksville, MD 21029
Son and next friend
(202)276-8716

Verification

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 16, 2007.

_____
Jerry L. Dier

11