UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOROTHY DIER,
by her son and next friend JERRY L. DIER,

   Petitioner,

    v.

PHYLLIS MADACHY, Director,
Office of Aging, Howard County, Maryland,
*et al.*

   Respondents.

Civil Action No.07-106 (CKK)

**MEMORANDUM OPINION**
(February 21, 2007)

On January 17, 2007, Petitioner Dorothy Dier, by her son and next friend, Jerry L. Dier, filed with this Court a Petition for a Writ of Habeas Corpus for a Person Found Incapacitated in State Custody. On January 19, 2007, the Court issued a Show Cause Order, in which it noted that Petitioner Dier is currently located at Summit Park, in the State of Maryland, Baltimore County, under the custody and control of the State of Maryland, Howard County Circuit Court, and its designated agent – Petitioner Dier's court-appointed guardian – the Office of Aging, Howard County, Maryland, and that "a district court has jurisdiction over a habeas petition 'only if it has jurisdiction' over' a petitioner's custodian." *Rooney v. Sec'y of the Army*, 405 F.3d 1029, 1032 n.1 (D.C. Cir. 2005). Petitioner responded to the Court's Show Cause Order on January 30, 2007, and in its February 6, 2007 Memorandum Opinion, the Court concluded that it lacked jurisdiction to entertain Petitioner Dier's Petition. As such, the Court ordered Petitioner, on or before February 20, 2007, to provide the Court with notice if she desired to transfer the

instant Petition to the United States District Court for the District of Maryland, and advised Petitioner that if she failed to provide such notice, the Court would dismiss the instant Petition for lack of jurisdiction.

Instead of providing the Court with notice of her desire to transfer the instant Petition to the United States District Court for the District of Maryland, on February 16, 2007, Petitioner filed a Request for Reconsideration of the Court's February 6, 2007 Memorandum Opinion. Petitioner's Request for Reconsideration argues that this Court has jurisdiction over the instant Petition based on "traditional jurisdiction and venue considerations" because "the *events* that transpired in the District of Columbia, namely the Observations and resultant Diagnosis and Prognois [sic] were the *stuff* that provided the *necessary* support that allowed the guardianship *claim to go to trial in Maryland on March 7, 2006*." Pet.'s Req. at 1-2 (emphasis in original). Upon consideration of Petitioner's Request for Reconsideration and the applicable case law, the Court shall deny Petitioner's Request for Reconsideration. Moreover, as this Court lacks jurisdiction to entertain the instant Petition, and Petitioner has not indicated a desire to transfer the instant Petition to the United States District Court for the District of Maryland, the Court shall dismiss Petitioner Dier's Petition without prejudice.

## I:  BACKGROUND

The Court briefly reiterates the following facts, which are discussed in the Court's February 6, 2007 Memorandum Opinion. The Petition does not clearly indicate where Petitioner resided prior to receiving medical treatment in Washington, D.C.; however, it is clear that Petitioner's son and next friend is a resident of Maryland and that Respondents – the Office of Aging, Howard County, Maryland (hereinafter the "Office of Aging"), and Judge Dennis M.

Sweeney, a Circuit Court Judge of Howard County, Maryland – are both located in the State of Maryland. *See* Petition at 23, 48. Petitioner Dier appears to have been hospitalized in the District of Columbia from September 7, 2005 through September 23, 2005, during which time, at the behest of an agency of the State of Maryland, two of Petitioner's physicians completed certificates regarding Petitioner's disability and/or competence. Pet.'s Resp. at 6. On September 28, 2005, the Howard County Maryland Department of Social Services filed a petition for the appointment of a guardian for Petitioner Dier and, at a court hearing on October 14, 2005 in Howard County, Maryland, Judge Sweeney appointed the Office of Aging as an agent to assist in accumulating information about Petitioner Dier. *Id.* at 7.

Petitioner Dier appears to have been hospitalized again in the District of Columbia from approximately January 10, 2006 to February 1, 2006, during which time her care and treatment were overseen by the Office of Aging. *Id.* Thereafter, on January 23, 2006, Judge Sweeney conducted an emergency guardianship hearing in Howard County, Maryland, at which Petitioner's attending physicians from the Washington Hospital Center testified, and Judge Sweeney appointed the Office of Aging as Petitioner Dier's temporary guardian. *Id.* at 7-8. Finally, Petitioner Dier was removed from Washington Hospital Center and placed at Summit Park, a facility in Baltimore County, Maryland, where she remains today. *Id.* at 7-8.

Based on these facts, in its February 6, 2007 Memorandum Opinion, the Court concluded that it lacked jurisdiction over the instant Petition. *See Dier v. Madachy*, Civil Action No. 07-106 (D.D.C. Feb. 6, 2007) (hereinafter "Slip Op."). The Court ordered Petitioner, on or before February 20, 2007, to provide the Court with notice if she desired to transfer the instant Petition to the United States District Court for the District of Maryland, and advised Petitioner that if she

failed to provide such notice, the Court would dismiss the instant Petition for lack of jurisdiction. Instead, on February 16, 2007, Petitioner filed a Request for Reconsideration of the Court's February 6, 2007 Memorandum Opinion.  Petitioner's Request for Reconsideration argues that this Court has jurisdiction over the instant Petition based on "traditional jurisdiction and venue considerations" because "the *events* that transpired in the District of Columbia, namely the Observations and resultant Diagnosis and Prognois [sic] were the *stuff* that provided the *necessary* support that allowed the guardianship *claim to go to trial in Maryland on March 7, 2006*."  Pet.'s Req. at 1-2 (emphasis in original).

## II:  LEGAL STANDARDS

Petitioner has not explicitly identified which provision of the Federal Rules of Civil Procedure she relies upon as the foundation for her Request for Reconsideration.  However, the general rule is that a motion for reconsideration is treated as a "[Fed. R. Civ. P.] 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter."  *United States v. Pollard*, 290 F. Supp. 2d 153, 156 (D.D.C. 2003) (quoting *United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 1993)); *see also Derrington-Bey v. Dist. of Columbia Dep't of Corr.*, 39 F.3d 1224, 1225-27 (D.C. Cir. 1994) (same); *cf.* Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.").  Here, Petitioner's Request for Reconsideration was filed on February 16, 2007, 10 calendar days after the entry of the Court's February 6, 2007 Memorandum Opinion.  As such, the relevant standard under which to adjudicate Petitioner's Request for Reconsideration is Federal Rule of Civil Procedure 59(e).

"The district court has considerable discretion in ruling on a Rule 59(e) motion."  *Piper v.*

*U.S. Dep't of Justice*, 312 F. Supp. 2d 17, 20 (D.D.C. 2004) (citing *Rann v. Chao*, 209 F. Supp. 2d 75, 78 (D.D.C. 2002)).  Importantly, "[a] motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend judgment after its entry is not routinely granted."  *Harvey v. Dist. of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996).  "Motions under Fed. R. Civ. P. 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances."  *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).

"Rule 59(e) motions 'need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.'"  *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curium)).  Rule 59(e) motions are not granted if the court suspects the losing party is using the motion as an instrumentality for arguing the same theory or asserting new arguments that could have been raised prior to final judgment.  *Taylor v. Dep't of Justice*, 268 F. Supp. 2d 34, 35 (D.D.C. 2003) (citing *Kattan v. Dist. of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993) (citations omitted)).  Indeed, the law is clear that a "Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier."  *W.C. & A.N. Miller Co. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997), *aff'd sub nom. Hicks v. United States*, No. 99-5010, 1999 WL 414253 (D.C. Cir. May 17, 1999); *see also New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) ("Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled.").  It is well-established that Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been

raised prior to the entry of judgment." 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 at 127-28 (2d ed. 1995).

### III:  DISCUSSION

Petitioner's Request does not suggest that there has been either an intervening change of controlling law or newly available evidence.  As such, Petitioner's Request "need not be granted unless the district court finds . . . the need to correct clear error or manifest injustice." *Anyanwutaku*, 151 F.3d at 1057.  In arguing for reconsideration, Petitioner asserts that this Court has jurisdiction over the instant Petition based on "traditional jurisdiction and venue considerations" because "the *events* that transpired in the District of Columbia, namely the Observations and resultant Diagnosis and Prognois [sic] were the *stuff* that provided the *necessary* support that allowed the guardianship *claim to go to trial in Maryland on March 7, 2006*."  Pet.'s Req. at 1-2 (emphasis in original).

However, the Court's February 6, 2007 Memorandum Opinion clearly considered and addressed Petitioner's argument that, because the instant Petition concerns legal custody rather than physical custody, the Court is required to evaluate "traditional governing principles . . . such as sensible forum and useful purpose [as well as] traditional principles of venue."  Slip Op. at 4 (citing Pet.'s Resp. at 2).  Indeed, the Court specifically addressed the venue provision of 28 U.S.C. § 1391(b)(2), which provides that a civil action wherein jurisdiction is not founded on diversity, may be brought in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." *Id.* at 5 (citing 28 U.S.C. § 1391(b)(2)). Finding that Petitioner, her son and next friend, and both Respondents are currently located in Maryland, that Petitioner was placed at Summit Park as the result of guardianship proceedings

commenced by agencies of the State of Maryland, and that all of the relevant court proceedings occurred in Maryland, the Court concluded that the District of Columbia is an inappropriate forum for the instant Petition. *Id.*

The Court's February 6, 2007 Memorandum Opinion noted that "the only nexus between this action and the District of Columbia appears to be that Petitioner happened to be hospitalized in the District of Columbia prior to being removed to Summit Park." *Id.* Petitioner contests this observation in her Request for Reconsideration, arguing that the guardianship proceeding in Maryland "was grounded on the testimony of **a physician at the Washington Hospital Center and *but for* the testimony of that physician there would be . . . *no claim* to be tried in the Maryland court**." Pet.'s Req. at 6 (emphasis in original). Petitioner posits that this Court can properly entertain the instant Petition because the events that gave rise to the guardianship proceeding occurred within the District of Columbia. *Id.* at 8. Petitioner's assertion lacks merit, however, because the instant Petition does not challenge the events that occurred in the District of Columbia, i.e., Petitioner's hospitalization, but rather challenges the guardianship proceeding that occurred in the State of Maryland and Petitioner's current placement at facility in Maryland. As such, it is of little consequence that Petitioner was hospitalized in the District of Columbia prior to the guardianship proceeding in Maryland and Petitioner's removal to Summit Park.

Granting reconsideration under Rule 59(e) is an "extraordinary measure," *Firestone*, 76 F.3d at 1208, and Petitioner's Request for Reconsideration fails to demonstrate any "need to correct clear error or manifest injustice,"*Anyanwutaku*, 151 F.3d at 1057. Instead, Petitioner is simply attempting to relitigate arguments which the Court rejected in its February 6, 2007 Memorandum Opinion. Nevertheless, the Court remains convinced that the District of Columbia

is an inappropriate forum for the instant Petition, either because the Court lacks jurisdiction over Petitioner's legal custodian, the State of Maryland, Howard County Circuit Court, and its designated agent – Petitioner Dier's court-appointed guardian – the Office of Aging, or because venue in this Court is not appropriate under 28 U.S.C. § 1391(b)(2).  *See* Slip Op. at 4-5.  In its February 6, 2007 Memorandum Opinion, the Court offered Petitioner the opportunity, on or before February 20, 2007, to indicate a desire to transfer the instant Petition to the United States District Court for the District of Maryland.  *Id.* at 5.  As Petitioner has not indicated any such desire, the Court shall dismiss the instant Petition without prejudice.

## V.  CONCLUSION

For the foregoing reasons, the Court shall deny Petitioner's Request for Reconsideration.  As Petitioner has not indicated a desire to transfer the instant Petition to the United States District Court for the District of Maryland, the Court shall dismiss the instant Petition without prejudice.

Date: February 21, 2007

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge