IN THE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOROTHY DIER,  
by her son and next friend JERRY L. DIER

Petition for Writ of Habeas Corpus  
for a Person Found Incapacitated

In State Custody

Petitioner

v.

Civil Action No. 07-106(CKK)

PHYLLIS MADACHY, Director  
Office of Aging, Howard County et al

Respondents.

**PETITIONER'S RECONSIDERATION REQUEST IN RESPONSE TO COURT'S ORDER DATED FEBRUARY 21, 2007, AND NOTICE OF CLARIFICATION**

Petitioner through her son and next friend Jerry L. Dier pursuant to Federal Rules of Civil Procedure, 59(e) respectfully requests further consideration addressing amongst other matters this Court's stated concerns probing the issue of jurisidiction citing the Court's assertion in its February 6, 2007, Memorandum Opinion that "the only nexus between this action and the District of Columbia appears to be that Petitioner happened to be hospitalized in the District of Columbia prior to being removed to Summit Park," and further, as stated in this Court's Order dated February 21, 1007, *p.7*

> Petitioner's assertion lacks merit, however, because the instant Peitition does not challenge the events that occurred in the District of Columbia, i.e., Petitioner's hospitalization, but Rather challenges the guardianship proceeding that occurred In the State of Maryland and Petitioner's current placement at Facility in Maryland. As such it is of little consequence that the Petitioner was hospitalized in the District of Columbia prior to The guardianship proceeding in Maryland and Petitoner's removal To Summit Park.

RECEIVED  
MAR - 5 2007  
NANCY MAYER WHITTINGTON, CLERK  
U.S. DISTRICT COURT

1-The Petitioner in her Petition on *pages 10 and 19-22* and her Response to Show Cause Order dated January 19, 2007, on *pages 6-8*, sets forth in detail, and herein will offer further detail and clarity as regards the *events* that occurred in the District of Columbia hospitalization.

2-Required Physician certificates were secured in secret during the early morning hours by action of the State of Maryland, Howard County Department of Social Services during Petitioner's September 2005, hospitalization at Sibley Hospital without either consent of the Petitioner or her surrogate family decision makers.

3- This was a most blatant invasion of privacy, directed at the operation of one's mind and thought processes, by medical staff attached to a District of Hospital, taking place in the District of Columbia, at the direction of a State of Maryland governmental entity.

4-Moreover, in January 2006, the State of Maryland, Howard County Office of Aging, then the designated agent of the State of Maryland, Howard County Circuit trial court secured a further set of Physician certificates while Petitioner was hospitalized at the Washington Hospital Center, at a point in time when Interested Person Jerry L. Dier had filed(not yet ruled upon) a Motion for a Protective Order as regards mental examinations under the Maryland Rules necessitated by conduct the the Howard County Office of Aging, which fraudulently represented to a nurse at the Howard County General Hospital on December 30, 2005, that it had court authority to have a physician at the hospital complete a competency examination form as regards the Petitioner. Fortunately, the nurse was diligent and asked to see the written authorization- the Howard County trial court's representative had none, and left-furthermore, the Hospital ordered that no such examination be performed while Petitioner was a patient..

5-The State of Maryland, Howard County trial court's response was to ignore the deprivation of Petitioner's right to privacy at Sibley, look past the conduct of the Office of Aging at Howard General and declare that the issue was moot as regards the conduct of the Office of Aging at the Washington Hospital Center, the Physician certificates having been already secured, in spite of the fact that they were gained with a Motion for Protective Order outstanding filed to guard against mental examinations taking place without prior judicial oversight as required by the Maryland Rules.

6- Still on appeal in the Court of Special Appeals for Maryland is the issue as to whether or not the Howard County Circuit Court had jurisdiction to hear the guardianship petition. The dual prongs of Petitioner's raised contention was that the State of Maryland, Howard County, Department of Social Services did not have standing to file said petition by operaton of law, due to the age of the Petitioner, the Departments jurisdiction had an age limitation, 65 and the Petitioner was 88, Maryland Rules 10-201(a) and 10-103(f) and Md. Ann. Code 13-707(a)(10), and furthermore, there was no evidentiary showing as regards the challenged issue concerning proper "venue,." the Petitioner was in Montgomery County hospital at the time of the filing of the petition for guardianship and upon her discharge resided in Montgomery County.

The Petitioner contends that the *events* that took place in the District of Columbia were legally meaningful, establishing this Court's jurisdiction under a traditional venue and jurisdiction standard as cited in *Braden. In* this Paper and others filed in this action, the Petitioner pursuant to 28 U.S.C. 1391(b)(2), has set forth detailed *events* occurring in the District of Columbia that gave rise to her claim as cited in her filed Petition for Writ of Habeas Corpus and in addition those described *events* satisfy the **contact requirements** noted in the D.C.long arm statute,. D.C. Code Ann. 13-423, pertaining to the ability of this Court to exercise personal jurisdiction in this matter over the legal custodian, the State of Maryland, Howard County Circuit Court and its designated agent, the State of Maryland, Howard County Office of Aging.

**CONCLUSION**

The State of Maryland Howard County Circuit Court served as a mere holding vessel for the improperly gained information in the District of Columbia when the Respondents entered both physically and by way of telecommunication the District and acted to deprive the Petitioner of her rights and protections guaranteed under the United States Constitution.

**Furthermore,** by way of clarification Petitioner's position in response to the Court's statement as regards its "desire to transfer the instant Petition to the United States District Court for the District of Maryland," which offer after careful analysis and thoughtful examination was not acted upon in an affirmative fashion by the Petitioner. Is as follows incorporating the factual based allegations and assertions noted in the filed Petition, Response to Court's Order to Show Cause Order and Request for Reconsideration I, as if fully stated herein.

3

The question facing the Petitioner is what is the nature and fashion of a court system in the State of Maryland that provides comfort and security to a trial court, such that said court can openly caste aside the guaranteed protections of the United States Constitution ignore statutorylaw, overlook Maryland Rules, disregard case law and omit from consideration the rules of evidence finding justification in a notion of "inherent power" rooted in the Rule of Man, contrary to the Rule of Law.

Now long after a decision was sought in the Maryland appellate court, an appeal filed on an expidited track, the Petitioner is extremely cautious of being placed again within the Maryland Justice System. Petitioner's son and next friend, Jerry L. Dier can not separate himself from his life experience which has left a lasting impression of how courts function when they are properly about the people's business. The Howard County trial court was not about the people's business. While it is beyond question, that a pattern of judicial actions as noted throughout are an extraordinary exception in reported American jurisprudence, the consequences of the Howard County trial court are all to real impacting every moment of every day for the Petitioner. The Howard County trial court's mindset was that he viewed himself as having the kind of "inherent power" that could fill in any gaps as regards legal proprieties shakes to its foundation the bond between the judicial officer and citizen that justice will be rendered and no person is above the law.

Thus, at this point in time, in recognition of the state of the record with the full extent of the reach of the Howard County trial court still unknown, the Petitioner having given extra consideration to the very special circumstances noted herein, does not feel the degree of comfort necessary so as to take the offered leap of faith which would further place her fate within the State of Maryland.

Dated: March 5, 2007

                                              Respectfully submitted,

                                              _____
                                              JERRY L. DIER, Pro se
                                              11448 Rowley Rd.
                                              Clarksville, Md. 21029
                                              (202) 276-8716
                                              Son and next friend of Petitioner

                                  Verfication

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 5, 2007.

                                              _____
                                              JERRY L. DIER

IN THE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOROTHY DIER,
By her son and next friend, JERRY L. DIER

Petition for Writ of Habeas Corpus
for a Person found Incapacitated
In State Custody

Civil Action No. 07-106(CKK)

Petitioner,

v.

PHYLLIS MADACHY, Director
Office of Aging, Howard County, et al.

Respondents.

## ORDER

Upon consideration of the premises, and the Notice of Clarification filed by the Petitioner, it is this _____, day _____, 2007 Ordered that Petitioner's Petition for Habeas Corpus relief be reinstated and any other relief that this Court deems just and.equitable.

_____
JUDGE, U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA